IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| FRANK BRETT, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ANTHONY UNKNOWN, *et al.*, | : | NO. 17-4204 |
| Defendants. | | |

FILED
OCT 03 2017
KATE BARKMAN, Clerk
By_____Dep. Clerk

## MEMORANDUM

TUCKER, J.                                              OCTOBER 3 , 2017

Plaintiff Frank Brett filed this civil action against Anthony Unknown, Salvatore Unknown, Paul Marsella, another Salvatore Unknown, Margie Marsella, Summer Boobs, Mr. Man, PP JMH-7929, Cobbs Creek KGold Course-8 Employees, Havertown Police Department, Officer Sgt. Shengold, Dennis O'Donnel, Lt. Joe Greco, Officer Monty, Officer Haywire, Pike, Hollingsworth, Officer Lane, Officer Kennedy, Pilgrim Shoe Service, Mrs. Good, Mrs. Day, Steve Copramancle, Mrs. Luglr, and Charlre Breth. He also filed a motion to proceed *in forma pauperis* and a motion to allow the admission of 43 tapes. The Court will grant plaintiff leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915, because it appears he is incapable of paying the fees necessary to commence this action. However, the Court will dismiss plaintiff's complaint and deny his remaining motion.

Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). Furthermore, as

1

plaintiff is proceeding *in forma pauperis*, the Court must dismiss his complaint if it is frivolous or fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.*

As is typical of plaintiff's numerous filings in federal court, his complaint is rambling, unclear, and nonsensical. It consists of a stream of consciousness narrative of events dating back to 1994, many of which do not concern the named defendants. Several of plaintiff's allegations appear to rise to the level of delusional or incredible, for example, his allegation that in 1997, he and his wife were poisoned with arsenic and that several individuals, including strippers, were extorting him at that time. Moreover, plaintiff fails to coherently allege that any of the named defendants acted under color of state law to deprive him of his constitutional rights. *See West v. Atkins*, 487 U.S. 42, 48 (1988). To the extent plaintiff claims that the federal and state governments failed to investigate alleged felonies committed against plaintiff, there is no legal basis for his claims. *See Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 n.1 (3d Cir. 2013) (per curiam) ("[T]here is no federal right to require the government to initiate criminal proceedings."); *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) (affirming dismissal of claims based on allegations that police officers failed to investigate constitutional violations

because "an allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim" (quotations omitted)). Plaintiff has also attached to his complaint several pages of license plate numbers, which he appears to believe reflect occasions on which he was stalked.

Having reviewed the complaint, the Court cannot ascertain a clear factual basis for a timely, non-frivolous claim within this Court's jurisdiction. Accordingly, the Court will dismiss the complaint pursuant to Rule 8 and 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Having reviewed plaintiff's complaint in this action and his filings in other actions, the Court concludes that amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002). The Court will deny plaintiff's remaining motion because there is no basis for this Court to review 43 tapes concerning a murder that plaintiff alleges occurred in 2002. An appropriate order follows, which shall be docketed separately.